**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:17-cr-00105-JCM-GWF |
| vs. | **REPORT AND RECOMMENDATION** |
| RANDALL LITTLE, | |
| Defendant. | Motion to Suppress (ECF No. 50) |

This matter is before the Court on Defendant's Motion to Suppress Evidence (ECF No. 50), filed on August 23, 2017. The Government filed a Response (ECF No. 53) on August 28, 2017. Defendant did not file a reply. The Court has determined that this matter may be decided without oral argument and hereby vacates the October 4, 2017 hearing.

## BACKGROUND

This case arises from a series of Cyber Tipline (cybertips) reports sent by the National Center for Missing and Exploited Children ("NCMEC") from Google. *Complaint* (ECF No. 1), ¶ 4. Cybertips report when a user has allegedly uploaded images of child pornography to Google Photos. Here, Detective Sean Taylor of the Las Vegas Metropolitan Police Department ("LVMPD") received 10 cybertips that reported alleged downloads of apparent child pornography from April 9, 2016 through July 30, 2016. *Id.* The LVMPD also received a cybertip on August 23, 2016. *Id.* Based on these cypbertips, Detective Taylor applied for and obtained a search warrant for a residence located at 651 E. Twain #22, Las Vegas, Nevada 89169 on August 31, 2016. *Response* (ECF No. 53), Exhibit D ("Affidavit"). Detective Taylor's probable cause offering contained in his Affidavit was, in relevant part, as follows:

The 10 cybertips reported appear to belong to the same subject(s) for the following reasons:

1. All of them have downloads from the same Internet Protocol (IP) address of 98.180.224.162.
2. All of them have the same phone number of 702-806-3507.
3. They all have the same or similar email addresses with slight variation.
 -vegasboy1955@gmail.com
 -vegasboy**2**1955@gmail.com
 -vegasboy**3**1955@gmail.com
 -vegasboy**4**1955@gmail.com
 -rlit1955@gmail.com

Google reported a download of 141 images indicative of child pornography and/or child erotica via the above listed IP address, phone number, and email addresses.

. . .

On August 9, 2016 as Cybertips were continuously reported by NCMEC, IS Rowe P#3727 began to issue subpoenas referencing the information set forth in the cybertips.

- The Sprint Corporation (Sprint) responded advising the phone number of 702-806-3507 has belonged to a subject named Randall Little since March 15, 2016.
- The Clark County School district had no children registered at the above listed residence of 651 E. Twain #22, Las Vegas, Nevada which is where we believe Little resides currently.
- Cox Communications responded advising the IP address of 98.180.224.162 belonged to a multi-residence dwelling located at 651 E. Twain.

A routine records check of little revealed that he is a registered sex offender. It was subsequently found that he has to register based on an arrest for Possession of Visual Pornogrphy of a Person under 16 years old, for which he served approximately 4 years in prison. The address, at which he is currently registered as of December of 2015, is 651 E. Twain #22, Las Vegas, NV 89169. His previous registry address back on April 23, 2015 was in fact 2300 Sunrise Avenue, Las Vegas, Nevada, which is consistent with information given by Sprint.

Little's current address, which he gave to the Nevada Department of Motor Vehicles (DMV) was 651 E. Twain #22, Las Vegas, Nevada as evidenced by State Idenfication (sic) issued April 7, 1016. August 23, 1955 is Little's date of birth. This appears consistent with the fact that every email address has the numbers 1-9-5-5 in it, not to mention that one of the email addresses obtained appears to have an abbreviated form of Little's name along with the year of birth (rlit1955@gmail.com).

The email address of rlit1955@gmail.com was listed by Randall Little as his email address during sex offender registration. During sex

> offender registration, a subject is fingerprinted, photographed, and required to present up-to-date and valid identification. There is no question that the person who on April 29, 2016 informed the LVMPD Records Bureau that his email address is rlit1955@gmail.com was no other than Randall Stephen Little born August 23, 1955, with a social security number of XXX-XX-2264, and a phone number of 702-806-3507. The most recent photograph of Little was also obtained on Little's most recent sex offender registration date of April 29, 2016.

*Id.* at pgs 6-7. (Emphasis in original).

This search warrant was executed on September 1, 2016 by Detective Taylor and other members of the Nevada Internet Crimes Against Children Task Force. *Complaint* (ECF No. 1), ¶ 10. Officers seized several devices that contained child pornography. *Id.* at ¶ 14. Following the search and seizure, Defendant Little was charged in a criminal complaint filed on September 6, 2016 with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B); and advertising child pornography in violation of 18 U.S.C. § 2251(d)(1)(A). *See id.* at pgs. 1-3. Defendant was later indicted be a Federal Grand Jury on these same charges. *See Indictment* (ECF No. 35).

## DISCUSSION

### 1. Timeliness of Defendant's Motion

According to the District Court's Order Regarding Pretrial Procedure (ECF No. 39), pretrial motions were due no later than May 6, 2017. Defendant, conceding its untimeliness, filed this motion over three months after that deadline. In an effort to explain his tardiness, Defendant's counsel explains that he "became aware of a case and then later pretrial review of the search warrant in this case gave rise to a potential suppression issue not originally contemplated." *Motion to Suppress* (ECF No. 50), pg. 2, lns. 9-11. Defendant's counsel does not advise the Court what case he is referring to.

The Government requests that the Court exercise its inherent authority to strike Defendant's motion as untimely. While the Court acknowledges that Defendant's motion is indeed untimely, and fails to demonstrate good cause for its untimeliness, the Court will nevertheless reach the merits of his motion.

. . .

**2.      Whether the Search Warrant Was Supported by Probable Cause**

Defendant Little argues that the search warrant and subsequent search of his residence were not supported by probable cause and that the evidence obtained as a result of that warrant should be suppressed. Whether a search warrant is supported by probable cause must be determined from the "four corners" of the affidavit. *United States v. Anderson*, 453 F.2d 174, 176–77 (9th Cir. 1971); *United States v. Gourde*, 440 F.3d 1065, 1067 (9th Cir. 2005); *United States v. Luong*, 470 F.3d 898, 904–05 (9th Cir. 2006). In deciding whether to issue a search warrant, the magistrate or judicial officer is required to make a practical, commonsense decision whether given all of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime with be found on the person or at the place to be searched. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed." *Id.* As stated in *Illinois v. Gates*, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be the mere ratification of the bare conclusions of others." 462 U.S. at 239, 103 S.Ct. at 2332. "'[A] warrant affidavit must set forth particular facts and circumstances ... so as to allow the magistrate to make an *independent* evaluation of the matter.'" *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (quoting *Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674 (1978)). The magistrate's determination of probable cause is entitled to great deference by the reviewing court. *Krupa*, 658 F.3d at 1177 (citing *Millender v. County of Los Angeles*, 620 F.3d 1016, 1025 (9th Cir. 2010); *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007); and *United States v. Battershell*, 457 F.3d 1048, 1050 (9th Cir. 2006)).

Detective Taylor's August 31, 2016 Affidavit in support of the search warrant for Defendant's residence provided three main reasons to support a finding of probable cause: (1) all of the cybertips came from the same Internet Protocol (IP) address of 98.180.224.162; (2) they were all associated with the same phone number of 702-806-3507; and (3) they were all associated with the same or similar email addresses with slight variations. *Response* (ECF No. 53), Exhibit D, pg. 6. Defendant takes issue with Detective Taylor's discussion relating to the IP address associated with

the cybertips. Specifically, Defendant argues that Detective Taylor failed to inform the magistrate that the IP address resolved to an entire apartment complex, of which Defendant rents one unit. Defendant argues that this "omission" was misleading and done with the intent of giving the impression that the IP address was solely associated with Defendant Little. The Court finds that Defendant's argument is without merit. Detective Taylor's probable cause offering was not misleading and specifically states: "Cox Communications responded advising the IP address 98.180.224.162 belonged to a *multi-residence dwelling* located at 651 E. Twain." *Id.* at pg. 7. (Emphasis supplied). Detective Taylor went on to explain that Defendant Little resides in apartment #22 within that multi-residence dwelling. *See id.* (discussing how Defendant Little provided that address in his sex offender registration and to the Nevada Department of Motor Vehicles).

Even if the information regarding the IP address was omitted from Detective Taylor's affidavit, or assuming *arguendo* that such information was misleading, the search warrant was still supported by probable cause. First, in addition to the IP address, Detective Taylor discussed how all of the cybertips were associated with telephone number 702-806-3507. *Id.* An administrative subpoena to Sprint Corporation disclosed that this telephone number belonged to an individual named Randall Little since March 15, 2016. Second, Detective Taylor discussed how all of the cybertips were associated with email addresses that were the same or similar, and explained how these email addresses were connected to Defendant Little. *Id.* at pgs 6-7. Detective Taylor noted that the most obvious connection between the email addresses and Defendant is the fact that one of them—rlit1955@gmail.com— is an abbreviation of Defendant Little's name. Moreover, Detective Taylor noted that Defendant's date of birth is August 23, 1955. He therefore properly inferred that these email addresses probably belonged to Defendant Little. These two reasons, standing alone, would still have provided the magistrate with a substantial basis to conclude that probable cause existed to issue the search warrant even though the IP address could be used by more than one resident of the apartment complex.

    **3.**    <u>**Defendant's Request for a *Franks* Evidentiary Hearing**</u>

Defendant Little argues that Detective Taylor's Affidavit contained material misrepresentations or omissions of fact that require the Court to conduct an evidentiary hearing

5

pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978). "Under *Franks*, a criminal defendant has the right to challenge the veracity of statements made in support of an application for a search warrant." 438 U.S. at 155–56. To prevail on a *Franks* challenge, the defendant must establish two things by a preponderance of the evidence; first, that the "affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant[,]" and second, that the false or misleading statement or omission was material, *i.e.*, "necessary to finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (quoting *United States v. Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)). "If both requirements are met, 'the search warrant must be voided and the fruits of the search excluded. . . .'" *Id.* (quoting *Franks*, 438 U.S. at 156). The allegation of a *Franks* violation does not automatically entitle the defendant to an evidentiary hearing. *Franks* states:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

438 U.S. at 171.

The Ninth Circuit has articulated five requirements that a defendant must satisfy to justify an evidentiary hearing: (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause. *United States v. Dicesare*, 765 F.2d 890, 894–95 (9th Cir. 1985). If the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to

support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171–72. If the remaining content is insufficient to support probable cause, however, then the defendant is entitled to an evidentiary hearing. *Id.*

Intentional or reckless omissions may also provide grounds for a *Franks* hearing. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) states:

> "A search warrant, to be valid, must be supported by an affidavit establishing probable cause." *United States v. Stanert,* 762 F.2d 775, 778 (9th Cir.1985). In *Stanert,* we applied the rationale of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to hold that a defendant could challenge a facially valid affidavit by making a substantial preliminary showing that "the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Stanert,* 762 F.2d at 781 ("By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.") In addition, the defendant must show that the "affidavit, once corrected and supplemented," would not "provide ... a substantial basis for concluding that probable cause existed" to search defendant's residence. *Id.* at 782.

Clear proof of deliberate or reckless omissions is not required to obtain an evidentiary hearing. *United States v. Stanert*, 762 F.2d at 781. The "omission rule," however, does not require that the affiant address every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause exists for the search. *United States v. Craighead*, 539 F.3d 1073, 1081 (9th Cir. 2008).

Defendant argues that Detective Taylor omitted facts relating to the IP address associated with the 10 cybertips from NCMEC. These omissions, according to Defendant, are material and were intentionally made in order to mislead the magistrate to believe that the IP address belonged solely to Defendant as opposed to the entire apartment complex in which Defendant resides. Defendant states that if the omitted facts were included in the affidavit it would read as follows:

> (1) Google provided a number of Cybertips associated with uploads of possible child pornography;
> (2) IP address 98.180.224.162 resolves to a subscriber in Las Vegas, Nevada;
> (3) The subscriber appears to be an apartment complex with service provided by the apartment as an amenity;
> (4) Little lives in one of the apartments in the apartment complex.

*Motion to Suppress* (ECF No. 8), pg. 8, lns. 15-21.

As discussed above, Defendant's argument is without merit because these facts are contained in Detective Taylor's affidavit—albeit worded differently. Detective Taylor stated that his search warrant application was based on 10 cybertips from NCMEC. Moreover, Detective Taylor clearly stated in his Affidavit that the IP address was associated with a multi-residence dwelling and that Defendant was a resident in one unit therein—apartment #22. Therefore, Defendant has not made a threshold showing sufficient to warrant a *Franks* hearing.

## CONCLUSION

For the reasons more fully discussed above, the Court finds that the search warrant was supported by probable cause and the evidence obtained from its execution should not be suppressed.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence (ECF No. 50) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of September, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge