# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-105 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| RANDALL LITTLE, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 55). Defendant Randall Little filed an objection to the R&R on September 15, 2017. (ECF No. 56). Also on September 15, 2017, the government filed a response (ECF No. 57). Defendant did not file a reply, and the time to do so has passed.

## I.  Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## II.  Discussion

In the report and recommendation, Magistrate Judge Foley found that 1) the search warrant at issue was supported by probable cause; and 2) the defendant was not entitled to a *Franks* hearing because the search warrant at issue was valid and sufficient to support probable cause even considering the alleged omissions from the search warrant affidavit. (ECF No. 55). The

**James C. Mahan**
**U.S. District Judge**

government concurs with Magistrate Judge Foley's findings and asks the court to adopt the report and recommendation. (ECF No. 57).

The defendant does not object to any factual assertions made in the R&R, and thus the court adopts them in their entirety and references them herein.

    *i.*    *Probable cause*

Whether a search warrant is supported by probable cause must be determined from the "four corners" of the affidavit. *United States v. Luong*, 470 F.3d 898, 904–05 (9th Cir. 2006). In deciding whether to issue a search warrant, the magistrate or judicial officer is required to make a practical, common sense decision whether given all of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime with be found on the person or at the place to be searched. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983)). As stated in *Gates*, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be the mere ratification of the bare conclusions of others." 462 U.S. at 239, 103 S.Ct. at 2332.

Here, Detective Taylor's affidavit contained sufficient facts to support a probable cause finding.[1] The 10 cybertips all reference the same IP address, substantially identical email addresses (including one that defendant listed in his sex offender registration), and a phone number that both Sprint Corporation and defendant's sex offender registration indicate belong to defendant. In short, the affidavit overwhelmingly supports the conclusion that defendant engaged in the receipt of child pornography while at the listed address on multiple occasions.

Further, assuming *arguendo* that the affidavit's presentation of the IP address was intended to mislead the magistrate, as defendant argues, the affidavit contains sufficient evidence apart from the IP address to support a finding of probable cause. All 10 cybertips reported the same phone number (702-806-3507). The affidavit notes that Sprint Corporation's response to a subpoena listed Little as the user of that phone number, and that Little listed that phone number in his sex

---

[1] Defendant does not specifically object to Judge Foley's holding that if the IP address is considered as a part of the affidavit then it contains sufficient facts to support probable cause. (ECF No. 56). Instead, defendant objects to the way the affidavit presents the IP address. *Id.*

offender registration on April 29, 2016.  The affidavit also notes that all 10 cybertips were reported as coming from substantially similar email addresses (rlit1955@gmail.com and variations of vegasboy1955@gmail.com).  The affidavit lists Little's year of birth as 1955, and his email address offered during sex offender registration as rlit1955@gmail.com.  Even if the affidavit contained no reference to the IP address, the affidavit would nonetheless be replete with evidence of receipt of child pornography by one Randall Little, who resided at 651 E. Twain #22.

The search warrant was based on probable cause, evidence of which is contained within the four corners of the affidavit.  *See Luong*, 470 F.3d at 904–05.  Therefore, it was a valid search warrant.  U.S. Const. amend. 4.

    *ii.*    *Franks hearing*

A defendant is entitled to challenge the validity of a search warrant if he makes a substantial preliminary showing that (1) the affidavit in support of the warrant contains intentionally or recklessly false statements and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause.  *Franks v. Delaware*, 438 U.S. 154 (1978).  If the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."  *Franks*, 438 U.S. at 171-72.  On the other hand, if the remaining content is insufficient to support probable cause, then the defendant is entitled to an evidentiary hearing.  *Id.*

Intentional or reckless omissions may also provide grounds for a *Franks* hearing.  *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007).  In determining whether a defendant is entitled to an evidentiary hearing, "[c]lear proof of deliberate or reckless omission is not required. (citation omitted).  Such proof is reserved for the evidentiary hearing."  *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985).  The court in *Stanert* found that the defendant made a substantial preliminary showing that the affidavit omitted material information regarding each of the key facts relied on by the government to support probable cause and that the nature of the omissions suggested that they were made intentionally or at least recklessly.  *Id.*

Here, defendant has not made a preliminary showing that he is entitled to a *Franks* hearing. As the R&R notes, Detective Taylor's affidavit contains no omissions of fact, as it attributes the IP address in question to a "multi-residence dwelling."

Further, even if Detective Taylor's presentation of the IP address intended to suggest to the magistrate that the IP address belonged to single user, when in fact the IP address belonged to a multi-residence unit, the other evidence in the affidavit would be sufficient standing alone to support probable cause, as discussed above. Therefore, defendant cannot meet the second element of the *Franks* test.

### III. Conclusion

For the reasons stated in Judge Foley's R&R and stated above, the court will deny defendant's motion to suppress.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 55) be, and the same hereby is, adopted in its entirety.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 50) be, and the same hereby is, DENIED.

DATED September 26, 2017.

_____
UNITED STATES DISTRICT JUDGE